**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND**, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers<br>620 F Street, N.W.<br>Washington, D.C. 20004, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **PROVIDENCE CONSTRUCTION CORP.**<br>143-29 84th Road<br>Briarwood, New York 11435, | )<br>)<br>)<br>) |
| Serve: Scott M. Yaffe<br>26 Broadway, 21st Floor<br>New York, New York 10004 | )<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

**(TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUND AND FOR OTHER EQUITABLE RELIEF)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

## PARTIES

1.  Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The International Pension

Fund is administered at 620 F Street, N.W., in Washington D.C.  The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. Defendant Providence Construction Corp. is a New York corporation and has an office located at 143-29 84th Road, in Briarwood, New York, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for other appropriate equitable relief.  This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Providence Construction Corp. has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 1 New York ("Collective Bargaining Agreements"), that govern the

wages, benefits and terms and conditions of employment of employees performing work for Defendant.

7. Pursuant to the Collective Bargaining Agreements, Defendant agreed to pay certain sums of money to Plaintiff for all hours of work it performed covered by the Collective Bargaining Agreements.

8. During the period of March 2015 through the present, the Defendant performed work covered by the Collective Bargaining Agreements.

9. During various months within the period of March 2015 through the present, Defendant has failed to report and pay all amounts owing to Plaintiff as required by the Collective Bargaining Agreements and Plaintiff's Restated Agreement and Declaration of Trust.

10. During various months within the period of March 2015 through March 2018, Defendant reported but failed to timely pay all amounts owing to Plaintiff as required by the Collective Bargaining Agreements and Plaintiff's Restated Agreement and Declaration of Trust.

11. During the period April 2018 through the present, Defendant has failed to report and pay all amounts owing to Plaintiff as required by the Collective Bargaining Agreements and Plaintiff's Restated Agreement and Declaration of Trust.

12. Pursuant to Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

13. Pursuant to Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and

Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

14. Pursuant to Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs of collection.

## COUNT I

### (REPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

15. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16. During the month March 2015, Defendant reported, but failed to pay, contributions owing to Plaintiff for work it performed within Local 1 NY, cover group 1, which is covered by the Collective Bargaining Agreements, in the amount of $637.08. In addition, Defendant has failed to pay interest owed on these amounts at the rate of 15% per annum from the date due of each monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

17. During various months within the period May 2016 through March 2018, Defendant reported, but failed to pay, contributions owing to Plaintiff for work it performed within

4

Local 1 NY, cover group 66, which is covered by the Collective Bargaining Agreements, in the amount of $2,214.87. In addition, Defendant has failed to pay interest owed on these amounts at the rate of 15% per annum from the date due of each monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

18. By virtue of the failure to pay all amounts as contractually required, Defendant is in contravention of the Collective Bargaining Agreements and the obligations under Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

19. Plaintiff is entitled to judgment against Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

## COUNT II

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

20. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21. During the months of April 2018 through the present, Defendant has failed to report and pay all contributions owing to Plaintiff for covered work it performed within Local 1 NY, cover group 66, which is covered by the Collective Bargaining Agreements.

22.     Defendant therefore owes Plaintiff outstanding monthly hour remittance reports and contributions for unreported work performed under the Collective Bargaining Agreements during the months of April 2018 through the present.

23.     Defendant has failed to pay interest from the due date for each of these monthly payments, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions from the date due for each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

24.     By virtue of the failure to pay all amounts as contractually required, Defendant is in contravention of the Collective Bargaining Agreements and the obligations under Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

25.     Plaintiff is entitled to judgment against Defendant for all contributions owed, plus interest owed on unpaid contributions from the date due for each monthly payment, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions from the date due for each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs of collection.

26.     Plaintiff will seek a judgment in this action against Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** Plaintiff prays judgment on Counts I and II as follows:

A.     For unpaid contributions due and owing to Plaintiff for work performed within Local 1 NY, cover group 1, during the month of March 2015, in the amount of $637.08, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

B.     For unpaid contributions due and owing to Plaintiff for work performed within Local 1 NY, cover group 66, during various months within the period May 2016 through March 2018, in the amount of $2,214.87, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

C.     That Defendant be directed to comply with its obligations to submit monthly hour remittance reports and contributions for work performed under the Collective Bargaining Agreements during the months of April 2018 through August 2019, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal

to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

D. Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

E. For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

F. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 6, 2019

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By: /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 6th day of September 2019, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC 20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC 20210
>
>Attention: Assistant Solicitor for Plan Benefits Security

                    /s/    Charles W. Gilligan
                            Charles W. Gilligan